# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 9:17-CR-00041-MAC-CLS |
| vs. § | |
| § | |
| § | |
| § | |
| TAMAR KEON TUCKER (4) § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On October 17, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Conspiracy to Distribute and Possess with the Intent to Distribute 50 Grams or More of Methamphetamine (Actual), a Class A felony, Defendant Tamar Keon Tucker, was sentenced on September 19, 2019, by United States District Judge Thad Heartfield. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of IV, was 151 to 188 months. The Court sentenced Defendant below the guideline range to an imprisonment term of 70 months, followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, substance abuse treatment and testing, gambling restriction and an alcohol restriction.

1

Defendant completed his term of imprisonment and started his term of supervised release on December 1, 2022. The case was reassigned to United States District Judge Marcia Crone on May 30, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 2, 2025, United States Probation Officer Ellie Valdelamar alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on August 27, 2024 by the Panola County Sheriff's Office for Possession of Drug Paraphernalia, a Class C misdemeanor. It is also alleged that Defendant was arrested on September 9, 2025 by the Panola County Sheriff's Office for Evading Arrest/Detention with a Vehicle, a third-degree felony.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. He must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen on August 28, 2024 that tested positive for marijuana and that Defendant subsequently admitted to using marijuana. It is also alleged that Defendant submitted urine specimens on September 18, 2024, October 1, 2024, and November 1, 2024, that tested positive for marijuana, which was confirmed positive at the lab.

3. **Allegation 3 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If the defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so. If the defendant plans to change where he works or anything about his work (such as his position or job responsibilities), he must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant failed to notify the probation officer of your employment change within 72 hours and failed to maintain full-time employment since on or about July 2025.

4. **Allegation 4 (special condition): The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by his treating**

**physician. The probation officer, in consultation with the treatment provider, will supervision his participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant verbally admitted to the probation officer and his psychiatrist on September 9, 2025 that he was not taking his mental health medication as prescribed. He further disclosed that he occasionally doubled his doses, which resulted in him running out of his medication before the scheduled refill date. It is also alleged that Defendant failed to attend a scheduled visit with the treatment provider on April 19, 2025.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Evading Arrest/Detention with a Vehicle, a third-degree felony, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

using and possessing marijuana, committing the offense of Possession of Drug Paraphernalia, a Class C misdemeanor, failing to notify the probation officer of his employment change, failing to maintain full-time employment, not taking mental health medications as prescribed, or failing to attend a scheduled visit with the treatment provider, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide a guideline imprisonment range for a Grade C violation of 6 to 12 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On October 17, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of imprisonment for a term of 6 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 6 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the

final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 6 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 6 months with no further term of supervised release.

So ORDERED and SIGNED this 17th day of October, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE